UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 20-10288 |
| GREGORIO TREVINO and | § | |
| MARIA CARMEN TREVINO | § | (CHAPTER 11) |
| Debtors | § | JUDGE EDUARDO V. RODRIGUEZ |

DEBTORS' EXPEDITED MOTION FOR USE OF CASH COLLATERAL; REQUEST FOR TEMPORARY RELIEF; AND REQUEST FOR A FURTHER HEARING ON USE OF CASH COLLATERAL AND MOTION FOR EXPEDITED HEARING BR 2002

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF REQUESTED MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THIS MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED OR EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED OR EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JUDGE EDUARDO V. RODRIGUEZ:

Debtors-in-Possession GREGORIO TREVINO and MARIA CARMEN TREVINO, ( collectively , the "Debtors" ), file this Expedited Motion for Interim Order Authorizing the Use of Cash Collateral; Request for Temporary Relief; and Request for a Further Hearing on Use of Cash Collateral ("Motion"), pursuant to 11 U.S.C. §363(c)(2), and in support of the Motion, the

Debtor respectfully shows as follows:

## A. Introduction

1. On December 23, 2020, (the "Petition Date"), Debtors filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division (the "Court").

2. As of the Petition Date, Debtors have continued in possession of their property and operation of Debtor Gregorio Trevino's law practice as Debtors-in-Possession, pursuant to 11 U.S.C. §1107 and §1108. This Court has not appointed a Trustee or Examiner no has an official committee been established in this Chapter 11 proceeding.

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1334. This is a core proceeding under 28 U.S.C. §157. Venue of this case proper in this district pursuant to 28 U.S.C. §1408.

## B. Background

4. Prior to the commencement of this proceeding, Debtor Gregorio Trevino was Engaged, and continues to be engaged in his law practice.

5. Debtor's business includes accounts receivable, pending possible attorney fees from existing cases, supplies, and office equipment, all of which are believed to be subject to security interests and liens granted by Debtor to various creditors listed in its bankruptcy schedules (the "Cash Collateral"). Specifically, the Internal Revenue Service ("IRS") holds a Case secured federal tax lien of approximately $530,570 secured by all of Debtor's assets (the "FTL").

6. The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate the law practice in Chapter 11. The Debtors require immediate authority to use Cash Collateral, as defined herein, in order to continue its business operations and reasonable

living expenses without interruption toward the objective of formulating an effective plan of reorganization. Debtors' use of Cash Collateral,to the extent and on the terms and conditions set forth herein, is necessary to avoid immediate and irreparable harm to the estate. The amount of Cash Collateral authorized to be used is not to exceed the amounts reflected in the Debtor's budget, attached as Exhibit "A" and incorporated herein for all purposes (the "Cash Collateral Budget").

### C. Relief Requested

7. The funds generated in the ordinary course of Debtor's law practice constitute Cash Collateral as that term is defined in 11 U.S.C. §363 . Debtors request the use of the Cash Collateral on an interim basis and requests further hearing for the Court's determination of this request.

8. Specifically, the Debtor seeks authorization to use Cash Collateral to meet the ordinary cash needs of the Debtors (and for such other purposes as may be approved in writing by the Secured Creditors) for the payment of:

   a. reasonable and necessary operating expenses of the law practice;
   b. Debtors' reasonable and necessary living expenses;
   c. maintenance and preservation of property of the estate;
   d. property taxes; and
   e. payment of expenses associated with this Chapter 11 case, including United States Trustee's fees and professional fees and expenses.

9. The Debtor agrees to granting the IRS, as applicable and necessary, a replacement lien on all inventory and accounts receivable acquired by the Debtor since the Petition Date, and Debtor hereby ratifies and confirms the FTL filed on the Debtor's accounts and fixtures perfected by the IRS prior to the Petition Date and affirms that such lien and

replacement lien shall continue until further Order of this Court or confirmation of a Plan of Reorganization.

### D. Arguments and Authorities

10. Pursuant to 11 U.S.C. §363(c)(2), Debtors may not use, sell or lease Cash Collateral unless each entity that has an interest in such Cash Collateral consents or, the Court, after notice and hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11. Section 361 addresses adequate protection payments. Specifically, 11 U.S.C. §361 provides: "When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by--

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

12. The revenue from the operation of Debtor Gregorio Trevino's law practice (the "Law Office") is the Debtors' only source of income. If Debtors are not permitted to use those funds to manage, maintain and operate the Law Office, they cannot exist.

13. Specifically, Debtor requests the use of the Cash Collateral to continue operating the Law Office and maintain their reasonable living expenses, by paying those expenses listed in Exhibit "A" will effectively result in: (i) the maintenance and preservation of the Bankruptcy Estate; and (ii) provide the foundation for Debtor's successful reorganization.

14. Debtors must have a preliminary hearing on this Motion to avoid the loss of its ability to manage and maintain the Law Office and maintain their reasonable living expenses.

15. In the event Debtors are authorized to use such Cash Collateral, lien holders are adequately protected by the value of the Law Office and the cash payments. Debtors will provide continuing post-petition liens to the lienholders to the extent the lienholders have valid pre-petition security interests in the cash collateral.

### E. Motion for Hearing and Request to Shorten BR 2002 Deadline to Respond or Object

16. Debtor respectfully requests expedited relief so this Motion may be heard on Friday, January 29. 2021 at _____. Debtor would like to preserve its resources by seeking the Court's consideration of this matter because the Debtor needs the use of funds to operate his business with the other pending motions-to eliminate the need for additional or different hearing dates.

17. Accordingly, Debtors requests that the notice and deadline for responses and objections, pursuant to Federal Rule of Bankruptcy Procedure 2002, be shortened to eight (8) days Specifically , January 27, 2021 and, schedule the hearing on this Motion for January 29, 2021 at _____ (Central Standard Time) (*via"Telephonic and Video Participation is available"*)at the United States Bankruptcy Courtroom, TX 78520

### F. Prayer

FOR THESE REASONS, Debtors respectfully requests that this Court enter an Order for Use of Cash Collateral authorizing Debtors' continued use of cash collateral and management of the Law Office and maintenance of their reasonable living expenses, based on the 90-day Case projected budget reflected in Exhibit "A", and for such other and further relief as is just and equitable.

| | |
|---|---|
| January 20, 2021 | Respectfully submitted |
| | The Law office of Christopher Lee Phillippe |
| | 104 North Expressway |
| | Brownsville, TX 78521 |
| | 956-544-6096 |
| | Fax: 956-982-19-21 |
| | |
| | BY: /S/ Christopher Lee Phillippe |
| | Christopher Lee Phillippe |
| | |
| | Email: clphillippe@cameroncountylawyer.com |
| | ATTORNEY FOR DEBTOR IN POSSESSION |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Debtors' Expedited Motion for Use of Cash Collateral; Request For Temporary Relief; and Request For a Further Hearing on Use of Cash Collateral was served on the 20th day of January 2021, on all parties and counsel of record in the manner indicated below.

| | /s/ Christopher Lee Phillippe |
|---|---|
| | Christopher Lee Phillippe |
| U.S TRUSTEE: | DEBTOR |
| Stephen Statham | Gregorio Trevino |
| 606 N. Caranchua, Ste. 1107 | 105 E. Moore Rd. |
| Corpus Christi, Texas 78401 | San Juan, TX 78589 |
| Email: stephen.statham@usdoj.gov | and |
| | Maria Carmen Trevino |
| | 105 E. Moore Rd. |
| | San Juan, TX 78589 |

And all other Creditors on the Matrix …..

| | |
|---|---|
| Ocwen Loan Servicing, LLC<br>Attn: Research Dept. 1661<br>Worthington Rd, Ste 100<br>West Palm Beach, FL 33409<br>Via U.S.P.S. First Class Mail<br><br>Internal Revenue Service<br>300 E. 8th St. STOP 5026AUS<br>Austin, TX 78701 Via<br>U.S.P.S. First Class Mail Texas<br><br>Comptroller of Public accounts<br>P O Box 13528<br>Austin, TX 78711-3528<br>Via U.S.P.S. First Class Mail<br><br>Texas Workforce Commission<br>P O Box 1298<br>McAllen, TX 78505<br>Via U.S.P.S. First Class Mail<br><br>Affirm Inc<br>633 Folsom St Fl 7<br>San Francisco, CA 94107<br><br>Afni<br>1310 Martin Luther King Dr<br>Bloomington, IL 61701<br><br>Cavalry Portfolio Services<br>ATTN: Bankruptcy Dept. 500 Summit L Valhalla, NY 10595<br><br>Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595<br><br><br>Chamberlain-Hrdlicka<br>112 E. Pecan Street 1450 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P O Box 7346<br>Philadelphia, PA 19101<br><br>Internal Revenue Service<br>300 E. 8th St. STOP 5026 AUS<br>Austin, TX 78701<br><br>LVNV Funding, LLC its successors and assigns as assignee of FNBM, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587<br><br>Mabt - Genesis Retail<br>Po Box 4499<br>Beaverton, OR 97076<br><br>Midland Funding<br>Attn: Bankruptcy<br>PO Box 939069<br>San Diego, CA 92193<br><br>Navient Solutions, LLC on behalf of Department of Education Loan Services<br>PO BOX 9635<br>Wilkes-Barre, PA 18773-9635<br><br>OCWEN LOAN SERVICING, LLC<br>ATTN: BANKRUPTCY DEPARTMENT<br>P O BOX 24605<br>WEST PALM BEACH, FL 33416-4605<br><br>Ocwen Loan Servicing Llc<br>Attn: Research Dept<br>1661 Worthington Rd Ste 100<br>West Palm Beach, FL 33409<br><br>Portfolio Recovery |

| | |
|---|---|
| San Antonio, TX 78205 | PO box 41067<br>Norfolk, VA 23541-1067 |
| Comenity Bank/Avenue<br>PO Box 182125<br>Columbus, OH 43218 | Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 |
| Comenity Bank/ctpr&bks<br>PO Box 182125<br>Columbus, OH 43218 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-9617 |
| Comenity Capital Bank/HSN<br>PO Box 182125<br>Columbus, OH 43218 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Comenitybank/venus<br>Comenity Bank<br>PO Box 182125<br>Columbus, OH 43218 | Quantum3 Group LLC as agent for<br>Comenity Capital Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Comenitybank/woman W<br>4590 E Broad St<br>Columbus, OH 43213 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Compass Bank<br>Attn: Bankruptcy<br>PO Box 10566<br>Birmingham, AL 35296 | Rcvl Per Mng<br>Attn:Collections/Bankruptcy<br>PO Box 1548<br>Lynnwood, WA 98036 |
| Comptroller of Public Accounts<br>C/O Office of the Attorney General<br>Bankruptcy - Collections Division MC-008<br>PO Box 12548<br>Austin TX 78711-2548 | Rio Grande Regional Hospital<br>Resurgent Capital Services<br>PO Box 1927<br>Greenville, SC 29602 |
| Credit One Bank Na<br>PO Box 98873<br>Las Vegas, NV 89193 | Synchrony Bank/Amazon<br>Attn: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076 |
| Dept Of Ed/Navient<br>Attn: Claims Dept | |

| | |
|---|---|
| P.O. Box 9635<br>Wilkes-Barr, PA 18773-9635<br><br>Deville Mgmt<br>1132 Glade Road<br>Colleyville, TX 76034<br><br>Dynamic Recovery Solution<br>135 Interstate Blvd Suite 6<br>Greenville, SC 29615<br><br>Emergency Savings Fund<br><br>First Premier Bank<br>601 N. Minnesota Ave<br>Sioux Falls, SD 57104<br><br>First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104<br><br>Focus Receivables Mana<br>1130 Northchase Parkway Suite 150<br>Marietta, GA 30067<br><br>Hidalgo County<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760 | Synchrony Bank/QVC<br>GE Credit Retail Bank/Attn: Bankruptcy<br>PO Box 103104<br>Roswell, GA 30076<br><br>Texas Comptroller of Public Accounts<br>P.O. Box 13528<br>Austin,, TX 78711-3528<br><br>Texas Workforce Commission<br>PO Box 1298<br>McAllen, TX 78505<br><br>TEXAS WORKFORCE COMMISSION<br>REGULATORY INTEGRITY DIVISION - SAU<br>101 EAST 15TH STREET, ROOM 556<br>AUSTIN, TX 78778-0001<br><br><br><br>U.S. Bank Trust National Association, as Trustee of Cabana Series III Trust<br>c/o BSI Financial Services<br>1425 Greenway Drive, Ste 400<br>Irving, TX 75038 |